**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

**UTOPIA PROVIDER SYSTEMS, INC.,**

    **Plaintiff,**

**-vs-**                                                                                      **Case No. 6:08-mc-79-Orl-28GJK**

**PRO-MED CLINICAL SYSTEMS, LLC and
THOMAS L. GOSSJUNG,**

                        **Defendants.**
_____

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **NOTICE OF FILING AFFIDAVIT OF KEITH E. ROUNSAVILLE REGARDING ATTORNEYS' FEES OF LITCHFORD & CHRISTOPHER PROFESSIONAL ASSOCIATION** *treated as* **MOTION FOR ATTORNEYS' FEES (Doc. No. 10)** |
| **FILED:** | October 2, 2008 |
| **THEREON** it is **RECOMMENDED** that the motion be **GRANTED in part** and **DENIED in part**. | |

This matter arises from the underlying litigation of *Utopia Provider Systems, Inc. v. Pro-Med Clinical Systems, LLC*, Case No.: 07-60654-CIV in the United States District Court for the Southern District of Florida (the "Lawsuit"). In the Lawsuit, Plaintiff Utopia Provider Systems, Inc. (hereinafter "Utopia" or "Plaintiff") is suing Defendants Pro-Med Clinical Systems, LLC

("Pro-Med") and Thomas L. Grossjung (collectively, "Defendants") alleging copyright infringement.

On or about July 17, 2008, Defendants served a subpoena duces tecum for deposition (the "Subpoena") on non-party Litchford & Christopher, P.A. ("L&C") setting the deposition for July 28, 2008. Doc. No. 1, ¶ 1.[1] On July 23, 2007, L&C filed an Emergency Motion to Quash Subpoena Duces Tecum, Emergency Motion for Protective Order, Motion for Costs, and Memorandum of Law in Support (the "Emergency Motion"). Doc. No. 1. L&C requested that it be awarded attorneys' fees and costs it incurred in connection with the Emergency Motion. Doc. No. 1 at 11. On August 5, 2008, Defendants filed a Response in Opposition to the Emergency Motion. Doc. No. 7. On September 25, 2008, this Court granted L&C's Emergency Motion, including its request for an award of attorneys' fees and costs it incurred in connection with the Emergency Motion. Doc. No. 8. Thus, on October 2, 2008, L&C filed the present Motion for Attorneys' Fees (the "Motion"). Doc. No. 10. Attached to the Motion is the affidavit (the "Affidavit") of Keith E. Rounsaville ("Rounsaville") and the curriculum vita of Rounsaville and Hal K. Litchford ("Litchford"). Doc. No. 10-3.

On October 14, 2008, the Defendants lodged an objection ("Objection") to the Motion. Doc. No. 11. However, the Honorable John Antoon II overruled Defendants' Objection and referred the Motion to the undersigned for a Report and Recommendation. Doc. No. 13.

The Affidavit and Curriculum Vita

Rounsaville states that he has been a member of the Florida bar and of this Court since 1974. Doc. No. 10-3 at 1, ¶ 1. He also states he is a shareholder of L&C. *Id.*, ¶ 2. Rounsaville is

---

[1] The Subpoena was improper in that it did not provide the 10 days notice required by Local Rule 3.02. *Auto-Owners Ins. Co. v. Southeast Floating Docks, Inc.*, 231 F.R.D. 426, 428 (M.D. Fla. 1991)("the ten days is calculated excluding intermediate Saturdays, Sundays and legal holidays").

lead counsel for Plaintiff and represents L&C in connection with the Emergency Motion. *Id.* at 2, ¶¶ 3-4. In the Affidavit, Rounsaville represents that at hourly rates of $425.00, he and Litchford together performed 8.9 hours of work on July 23, 2008 and Rounsaville performed 1.2 hours of work on July 25, 2008. *Id.* at 3, 5. In addition, L&C requests an award of costs in the amount of $39.00, which represents a filing fee paid to the Clerk of Court. *Id.* at 5.

Litchford is a founding shareholder of L&C, which was founded in 1985. Doc. No. 10-5. He has been a member of the Florida bar since 1979 and a member of this Court since 1980. *Id.* at 2. He has an extensive background in commercial and anti-trust litigation. *Id.*

## II. LAW

Pursuant to Rule 37, Federal Rules of Civil Procedure, the Court shall award reasonable expenses, including attorneys' fees, to the successful party on a motion for protective order unless the opposition's position was "substantially justified" or there are "other circumstances that make such an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(B). Rule 37(a)(5)(B) requires "the movant, the attorney filing the motion, or both to pay the party . . . who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees." *Id.* Historically, the federal courts have analyzed demands for attorneys' fees pursuant to *Johnson v. Georgia Highway Express*, 488 F.2d 714 (5th Cir. 1974).[2] *Johnson* set forth twelve factors to be considered in calculating a fee award.[3] The United States Court of Appeals for the Eleventh Circuit has consistently refined calculation of awards of attorneys' fees to comport with

---

[2] In *Bonner v. Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981), the Eleventh Circuit Court of Appeals adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to September 30, 1981.

[3] Those twelve factors are: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal services properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the 'undesirability' of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Johnson*, 488 F.2d at 717-9.

decisions of the United States Supreme Court. *Norman v. Housing Authority*, 836 F.2d 1292, 1299 (11th Cir. 1988). *Norman* adopted the lodestar approach for calculating attorneys' fees. The lodestar approach presumptively incorporates the twelve factors adopted in *Johnson*, 488 F.2d 714. *Norman*, 836 F.2d at 1298-99. The Eleventh Circuit applies the lodestar approach of *Norman* in determining a reasonable attorney's fee. *See Camden I Condominium Assoc., Inc. v. Dunkle*, 946 F.2d 768, 772 (11th Cir. 1991); *see also Burlington v. Dague*, 505 U.S. 557, 562 (1992). Simply stated, the lodestar formula is the product of the number of reasonable hours expended and the reasonable hourly rate. *Burlington*, 505 U.S. at 559-60 (*citing Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 478 U.S. 546, 565 (1986)).

This Court applies the *Norman* lodestar approach in determining the amount of fees to be awarded. Throughout the calculation of the lodestar, the Court remains cognizant that it is itself an expert on the question of attorneys' fees, and may consider the request in light of its own knowledge and experience with or without the aid of witnesses as to value of hours dedicated to litigation. *Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994).

    1.  <u>Reasonable Hourly Rate</u>

The Court must first determine the reasonable hourly rate. *Duckworth v. Whisenant*, 97 F.3d 1393 (11th Cir. 1996); *Loranger*, 10 F.3d at 781; *Norman*, 836 F.2d at 1299. The reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services provided by lawyers of reasonably comparable skills, experience, and reputation. *Norman*, 836 F.2d at 1299. The party seeking attorneys' fees bears the burden of producing "satisfactory evidence that the requested rate is in line with prevailing market rates," which normally requires "more than the affidavit of the attorney performing the work." *Loranger*, 10

F.3d at 781 (*citing Norman*, 836 F.2d at 1299). The court may consider direct evidence of rates for similar services or opinion evidence about rates. *Norman*, 836 F.2d at 1299.

The Eleventh Circuit looks to skill as the ultimate determinate of compensation level because experience and reputation are a mirror image of skill. *Id.* at 1300. Skill is evidenced by an attorney's initial case assessment, continuing negotiation and settlement attempts, persuasiveness, and other fundamental aspects of organization and efficiency. *Id.* at 1300 - 1301. Organization means that counsel plans effective discovery devices and does not use them randomly or for the mere purpose of going through established routines. Efficiency means doing exactly what needs to be done in a minimum time. *Id.* at 1301. Legal skill, therefore, correlates to a knowledge of both trial practice and substantive law. *Norman*, 836 F.2d at 1301. Although an attorney who must familiarize himself or herself with either aspect of practice may prove exemplary as an advocate, he or she does not have a right to claim comparable skill to attorneys whose first actions are directed at the finer points of the case. *Id.* Proficiency should yield efficiency, and the district court has ample discretion to discount the import of counsel's expertise. *Varner v. Century Finance Company, Inc.*, 738 F.2d 1143, 1149 (11th Cir. 1984). No two attorneys possess the same skill; therefore, the Court must look to the range provided by the evidence, and interpolate a reasonable market rate. *Norman*, 836 F.2d at 1300. In summary, the Court determines a reasonable rate by assessing the range of fees established in the marketplace, as modified by reference to an individual attorney's skill. *Id.* at 1301; *e.g., Duckworth*, 97 F.3d at 1396.

2. Reasonable Hours Expended

The second step in determining the lodestar is to assess the reasonable number of hours expended in the litigation. *Norman*, 836 F.2d at 1302. The fee applicant bears the burden of documenting the appropriate number of hours. *Id.* at 1303 (*citing Hensley v. Eckerhart*, 461 U.S. 424, 437 (1982); *United States v. Blue Cross and Blue Shield of Florida, Inc.*, 882 F. Supp. 166, 170 (M.D. Fla. 1995)). Generalized statements concerning reasonableness are of little or no assistance to the Court, instead proof of the hours dedicated to litigation and any corresponding objections must be made with sufficient specificity. *Duckworth*, 97 F.3d at 1397 - 98; *Norman*, 836 F.2d at 1301. Inquiry into the reasonable number of hours focuses on the exercise of "billing judgment" — exclusion of those hours not reasonably billable to a client irrespective of counsel's skill, therefore the Court must deduct for redundant hours. *Id.* at 1301-02 (*citing Hensley*, 461 U.S. at 434).[4]

## III. ANALYSIS

This Court finds that both the hourly rate charged and the number of hours performed by the aforementioned L&C attorneys are reasonable. Attorneys' Rounsaville and Litchford's hourly rate is comparable to the prevailing market rate in the relevant legal community for similar services provided by lawyers of reasonably comparable skills, experience, and reputation. Moreover, the number of hours spent appear reasonable considering the issues involved in the Emergency Motion. Accordingly, Plaintiff's Motion should be granted. However, with respect to the hours performed on July 23, 2008, the Motion incorrectly indicates that the amount of attorneys' fees accrued totals $3,867.50. Instead, the correct amount of attorneys' fees accrued

---

[4] A court must not consider an attorney's skill at this stage as this could constitute a double penalty if the rate were first decreased and the hours then lowered based on lack of skill. *Norman*, 836 F.2d at 1301.

totals $3,782.50 (8.9 hours x $425.00). Thus, the correct amount of attorneys' fees accrued at an hourly rate of $425.00 totals $4,292.50. Accordingly,

It is **RECOMMENDED** that:

1. The Motion [Doc. No. 10] be **GRANTED in part** and **DENIED in part**; and

2. Defendant or its counsel, Hunton & Williams, LLP, be directed to pay L&C $4,292.50 in attorneys' fees and $39.00 in costs.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

**RECOMMENDED** in Orlando, Florida on January 21, 2009.

GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE